UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SCOTT CASTEEL, | Case No. 3:19-cv-00342-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| BRIAN E. WILLIAMS, SR., *et al.*, | |
| Respondents. | |

## I.  Introduction

*Pro Se* Petitioner Scott Casteel, an individual convicted of extortion and incarcerated at Nevada's Ely State Prison, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 6.) Respondents have filed a motion to dismiss. (ECF No. 18.)[1] The Court will grant the motion to dismiss, will dismiss certain of Casteel's claims, and will set a schedule for Respondents to file an Answer responding to his remaining claims.

## II.  Background

On September 28, 2009, after he was charged in justice court and waived his preliminary examination (*See* ECF No. 21-12), Casteel was charged—by Information—in Case Number CR09-1870 in Nevada's Second Judicial District Court, with extortion (*See* ECF No. 21-11). On October 21, 2009, Casteel entered into a plea agreement and pled guilty to the extortion charge. (*See* ECF No. 21-20, ECF No. 21-21.) On January 22, 2010, Casteel was sentenced to 22 to 96 months in prison for the extortion, consecutive to sentences imposed upon him in another case (Case Number CR09-1832). (*See* ECF No.

---

[1] The Court has reviewed Petitioner's response (ECF No. 34) and Respondents' reply (ECF No. 35).

22-1, ECF No. 22-3.) Casteel appealed. (*See* ECF No. 22-14, ECF No. 22-13.) The appeal was dismissed, however, because the notice of appeal was untimely. (*See* ECF No. 22-18.)

Casteel filed a petition for writ of habeas corpus in the state district court on July 8, 2010. (*See* ECF No. 22-27.) Counsel was appointed and, with counsel, Casteel supplemented his petition. (*See* ECF No. 24-6, ECF No. 28-1.) The court held an evidentiary hearing (*See* ECF No. 29-1), then denied Casteel's petition in a written order filed on September 1, 2017 (*See* ECF No 29-2). Casteel appealed. (*See* ECF No. 29-4, ECF No. 30-1.) The Nevada Court of Appeals affirmed the judgment of the state district court on November 6, 2018. (*See* ECF No. 30-6.) Casteel petitioned for review in the Nevada Supreme Court (*See* ECF No. 30-9), which was denied on January 24, 2019. (*See* ECF No. 30-10.)

This Court received Casteel's *pro se* habeas petition, initiating this federal habeas action, on June 21, 2019. (*See* ECF No. 6.) The Court reads Casteel's petition to assert the following claims:

> Ground 1: Casteel's federal constitutional rights were violated because he was charged, pled guilty, and was convicted under a general extortion statute, instead of under a more specific extortion statute concerning extortion in connection with collection of debts.
>
> Ground 2: Casteel's federal constitutional rights were violated because, before he pled guilty, the prosecution failed to disclose information that could have been used to impeach prosecution witnesses.

(*See id.*)

On January 21, 2020, Respondents filed their motion to dismiss, arguing that Ground 1 is unexhausted, and Casteel's claims are not cognizable in federal habeas. (ECF No. 18.)

**III.  Analysis**

**A.  Ground 1**

In Ground 1, Casteel asserts that the State charged him, he pled guilty, and he was convicted under the wrong statute. (*See* ECF No. 6 at 9–14.) Casteel was prosecuted

2

under NRS § 205.320, which applies to extortion generally—he contends that was error, and that he should have been prosecuted under NRS § 205.322—a more specific statute applicable to extortion in the collection of a debt—which Casteel contends is better tailored to the facts of his case. (*See id.*)

Casteel did not assert this claim on his direct appeal. (*See* ECF No. 22-13.) In his state habeas action, Casteel did not assert this claim in his petition in the state district court, but he asserted it on the appeal, and, because it was not asserted in the lower court, the Nevada Court of Appeals declined to address the claim on its merits. (*See* ECF No. 30-6 at 3–4.) Therefore, the claim is subject to dismissal in this case based on the procedural default doctrine.

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the question of prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage,

infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). Casteel makes no colorable showing of cause and prejudice relative to the procedural default of this claim.

Moreover, the Court determines that the claim in Ground 1 is meritless. At its core, the claim is an argument about how the Nevada statutes should be construed—that they should be construed to require prosecution under NRS § 205.322 in a case such as this. That, however, is a matter of state law, beyond the scope of this federal habeas corpus action. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Casteel does not point to any state-law authority reading the statutes as he advocates, or otherwise precluding his prosecution under NRS § 205.320. Nor does Casteel allege facts, or cite federal authority, supporting his claim of a federal constitutional violation. Ground 1 does not state a claim upon which federal habeas corpus relief could be granted.

### B. Ground 2

In Ground 2, Casteel claims that his federal constitutional rights under the Fourth, Fifth, and Fourteenth Amendments were violated because, before he pled guilty, the prosecution failed to disclose information that could have been used to impeach prosecution witnesses. (*See* ECF No. 6 at 15–18.)

Respondents argue that Ground 2 should be dismissed to the extent Casteel claims violation of his rights under the Fourth Amendment. (*See* ECF No. 18 at 5–6.) The Court agrees. Casteel alleges no facts upon which a violation of his Fourth Amendment rights could be found. To the extent Ground 2 is based on the Fourth Amendment, it fails to state a claim upon which federal habeas corpus relief could be granted. Ground 2 will be dismissed to the extent it is based on the Fourth Amendment.

### IV. Conclusion

It is therefore ordered that Respondents' motion to dismiss (ECF No. 18) is granted. Ground 1, and Ground 2 to the extent based on the Fourth Amendment, are dismissed.

It is further ordered that Respondents will have 90 days from the date of this order

to file an Answer, responding to the remaining claims in the petition for writ of habeas corpus (Ground 2, other than the claimed Fourth Amendment violation).

It is further ordered that, in all other respects, the schedule for further proceedings set forth in the order entered on July 9, 2019 (ECF No. 5), will remain in effect. Petitioner will have 60 days after the filing of Respondents' answer to file a reply.

It is further ordered that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court will substitute William Gittere for Brian E. Williams, Sr., as the respondent warden, on the docket for this case.

DATED THIS 30th day of April 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE