UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SCOTT CASTEEL,

               Petitioner,

    v.

WILLIAM GITTERE, *et al.*,

               Respondents.

Case No. 3:19-cv-00342-MMD-WGC

ORDER

## I.   INTRODUCTION

This action is a pro se petition for writ of habeas corpus, under 28 U.S.C. § 2254, by Petitioner Scott Casteel, an individual incarcerated at Ely State Prison. (ECF No. 6.) Petitioner challenges an extortion conviction entered upon his plea of guilty. Following the Court's ruling on Respondents' motion to dismiss, there is one claim remaining in the Petition. (ECF No. 38.) Respondents have filed an answer, responding to that claim, and Petitioner has filed a reply. (ECF Nos. 41, 46.) The Petition is now before the Court for adjudication of the remaining claim. The Court will deny the Petition, and deny Petitioner a certificate of appealability.

## II.   BACKGROUND

Petitioner was initially charged with extortion, by complaint, in justice court; his preliminary hearing was continued several times and then ultimately waived. (ECF No. 29-1 at 75 (Exh. 167, testimony of Petitioner's counsel that preliminary hearing was continued three times), ECF No. 21-12 (Exh. 12, waiver of preliminary hearing).) Petitioner was then charged with extortion by information filed September 28, 2009, in Case Number CR09-1870, in Nevada's Second Judicial District Court (Washoe County). (ECF No. 21-11 (Exh. 11).) He was arraigned on October 21, 2009. (ECF No. 21-21 (Exh.

21).) At the arraignment, Petitioner pleaded guilty pursuant to a plea agreement. (*Id*.; ECF No. 21-20 (Exh. 20, plea agreement).) Petitioner admitted in the plea agreement that the State had sufficient evidence to prove beyond a reasonable doubt that on May 13 or 14, 2009, he "did, willfully, unlawfully and with intent to extort and gain money from David Miller of Reno, Washoe County, Nevada, threaten the said David Miller and/or his property." (ECF No. 21-20 at 2 (Exh. 20).) Petitioner recognized that his conviction could result in imprisonment for a period of 1 to 10 years. (*Id*.) The State agreed to recommend imprisonment of no more than 24 to 60 months and agreed not to object to the sentence being served concurrently with the sentence imposed in another pending case—Case No. CR09-1832—in which Petitioner was charged with more serious crimes, including assault with a deadly weapon, battery with a deadly weapon, false imprisonment with the use of a deadly weapon, and aiding and abetting kidnapping in the second degree. (*Id*.; ECF No. 21-19 (Exh. 19, transcript of arraignment in Case No. CR09-1832).) The sentencing in this case, on the extortion conviction, was held on January 22, 2010. (ECF No. 22-1 (Exh. 33).) The State made the recommendations it agreed to, but the court sentenced Petitioner to 22 to 96 months in prison, to run consecutively to the sentence in Case No. CR09-1832. (*Id*.; ECF No. 22-3 (Exh. 35, judgment of conviction).) The judgment of conviction was filed on January 26, 2010. (ECF No. 22-3 (Exh. 35).)

Petitioner appealed. (ECF Nos. 22-14 (Exh. 46), 22-13 (Exh. 45, Fast Track Statement).) The appeal was dismissed, however, because the notice of appeal was untimely. (ECF No. 22-18 (Exh. 50, Order Dismissing Appeal).)

Petitioner filed a petition for writ of habeas corpus in the state district court on July 8, 2010. (ECF No. 22-27 (Exh. 59).) The state district court appointed counsel for Petitioner. (ECF No. 22-30 (Exh. 62).) With counsel, Petitioner supplemented his habeas petition. (ECF Nos. 24-6 (Exh. 71), 28-1 (Exh. 156), 28-2 (Exh. 157).) The state district court held an evidentiary hearing on August 17, 2017. (ECF No. 29-1 (Exh. 167).) The court denied Petitioner's petition on September 1, 2017. (ECF No. 29-2 (Exh. 168).) Petitioner appealed. (ECF No. 30-1 (Exh. 178, opening brief on appeal).) The Nevada

Court of Appeals affirmed on November 6, 2018. (ECF No. 30-6 (Exh. 183).) Petitioner petitioned for review in the Nevada Supreme Court (ECF No. 30-9 (Exh. 186)), and the court denied that petition on January 24, 2019. (ECF No. 30-10 (Exh. 187).)

This Court received Petitioner's *pro se* federal habeas corpus petition, initiating this action, on June 21, 2019. (ECF No. 6.) The Petition asserts the following claims:

> Ground 1: Casteel's federal constitutional rights were violated because he was charged, pled guilty, and was convicted under a general extortion statute, instead of under a more specific extortion statute concerning extortion in connection with collection of debts.
>
> Ground 2: Casteel's federal constitutional rights were violated because, before he pled guilty, the prosecution failed to disclose information that could have been used to impeach prosecution witnesses.

(*Id.*)

Respondents filed a motion to dismiss, seeking dismissal of Ground 1 and part of Ground 2, on January 21, 2020. (ECF No. 18.) The Court granted the motion to dismiss on April 30, 2020. (ECF No. 38.) The Court dismissed Ground 1 as procedurally defaulted, and because it is meritless at any rate. (*Id.*) The Court dismissed Ground 2 to the extent it asserts a violation of Petitioner's rights under the Fourth Amendment, for failure to state a claim upon which habeas corpus relief could be granted, because Petitioner alleges no facts upon which a violation of his Fourth Amendment rights could be found. (*Id.*)

Respondents filed an answer on July 27, 2020. (ECF No. 41.) Petitioner filed a reply on August 20, 2020. (ECF No. 46.)

## III.   DISCUSSION

### A.   Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a petition for a writ of habeas corpus on any claim that was adjudicated on its merits in state court unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by United States Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. §

3

2254(d). A state-court ruling is "contrary to" clearly established federal law if it either applies a rule that contradicts governing Supreme Court law or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). A state-court ruling is "an unreasonable application" of clearly established federal law under section 2254(d) if it correctly identifies the governing legal rule but unreasonably applies the rule to the facts of the case. *See Williams v. Taylor*, 529 U.S. 362, 407-08 (2000). To obtain federal habeas relief for such an "unreasonable application," however, a petitioner must show that the state court's application of Supreme Court precedent was "objectively unreasonable." *Id*. at 409-10; *see also Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Or, in other words, habeas relief is warranted, under the "unreasonable application" clause of section 2254(d), only if the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

### B.    Petitioner's *Brady* Claim

In the remaining part of Ground 2, Petitioner claims that his federal constitutional rights were violated because, prior to his agreement to plead guilty, "the trial prosecutor did not disclose to defense counsel (and by extension, to the Defendant) that the eyewitness, [Zandi Mehran], did not show up to the preliminary hearing; and that the so-called victim, [David Miller], albeit 'clean' at the time of the preliminary hearing, was 'clean for once.'" (ECF No. 6 at 15.)

In its order affirming the denial of this claim in Petitioner's state habeas action, the Nevada Court of Appeals ruled as follows:

> Casteel argues the district court erred by denying his claim his plea was not entered knowingly, voluntarily, and intelligently because the State withheld *Brady* material. Below, Casteel claimed the State withheld information that a witness did not show up for the preliminary hearing and that the prosecutor wrote that the victim was clean "for once" when he appeared for the preliminary hearing.
>
> A petitioner may challenge the validity of his guilty plea based on a *Brady* violation. *State v. Huebler*, 128 Nev. 192, 200, 275 P.3d 91, 96–97 (2012).

4

To prove a *Brady* violation, a petitioner must show the evidence is favorable to the accused, the State withheld the evidence, and prejudice ensued. *Id*. at 198, 275 P.3d at 95. The favorable evidence must be exculpatory evidence and not merely impeachment evidence. *Id*. at 201, 275 P.3d at 97–98. If, as here, the petitioner did not specifically request the evidence, to demonstrate prejudice with regard to a guilty plea, a petitioner must show a reasonable probability he would not have pleaded guilty and would have insisted on going to trial. *Id*. at 203, 275 P.3d at 98–99. [Footnote: There is no evidence before this court that Casteel made a specific request for this information.]

The district court held an evidentiary hearing on this issue. The district court found the evidence was not exculpatory because it related only to potential issues with witnesses in the case and did not establish the factual innocence of Casteel. The district court also found the evidence was not withheld because it was not required to be disclosed by the State. Finally, the district court found, based on the objective factors outlined in *Huebler*, 128 Nev. at 204, 275 P.3d at 99 (quoting *State v. Sturgeon*, 605 N.W. 589, 596 (Wis. Ct. App. 1999)), Casteel failed to demonstrate a reasonable probability he would not have pleaded guilty and would have insisted on going to trial had the evidence been provided. Substantial evidence supports the decision of the district court, and we conclude the district court did not err by denying this claim.

(ECF No. 30-6 at 2-3 (Exh. 183) (two footnotes omitted).)

In this ruling, therefore, the Nevada Court of Appeals affirmed the denial of all Petitioner's claims, including his federal constitutional claim, but discussed only his state-law claim under the Nevada Supreme Court's *Huebler* decision.

Where the state court has summarily denied a claim, without analysis, a presumption exists that the state court adjudicated the claim on the merits, unless "there is reason to think some other explanation for the state court's decision is more likely." *Richter*, 562 U.S. at 99-100. In that case, the reviewing federal court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. at 102.

"[T]he suppression by the prosecutor of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Because a witness's "'reliability . . . may well be

5

determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within [the *Brady*] rule." *Giglio v. United States*, 405 U.S. 150, 154 (1972) (quoting *Napue v. Illinois*, 360 U.S. 264, 269 (1959)). "There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). The materiality of the suppressed evidence is assessed to determine whether prejudice exists. *See Hovey v. Ayers*, 458 F.3d 892, 916 (9th Cir. 2006). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). In a case involving a guilty plea, the question is "whether there is a reasonable probability that but for the failure to disclose the *Brady* material, the defendant would have refused to plead and would have gone to trial." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995), *citing Miller v. Angliker*, 848 F.2d 1312, 1322 (2d Cir. 1988), *cert. denied*, 488 U.S. 890 (1988). The test for whether the defendant would have chosen to go to trial is objective, and the focus is on "the likely persuasiveness of the withheld information." *Id*. (quoting *Miller*).

The Nevada Court of Appeals found that the evidence at issue here was not exculpatory, "because it related only to potential issues with witnesses in the case and did not establish the factual innocence of Casteel." (ECF No. 30-6 at 3 (Exh. 183).) The Court agrees with this view of the subject evidence. There is, however, no United States Supreme Court ruling that *Brady* and its progeny apply in a case where witness impeachment evidence was allegedly withheld by the prosecution before a criminal defendant pleaded guilty. Rather, in *United States v. Ruiz*, 536 U.S. 622 (2002), the Supreme Court expressly held: "[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *Ruiz*, 536 U.S. at 633.

///

Moreover, even if the evidence at issue here could be characterized as exculpatory, there is no Supreme Court precedent holding that *Brady* applies to the withholding of any kind of evidence prior to a guilty plea. Federal courts of appeals have disagreed about whether the withholding of evidence prior to a guilty plea violates the rule of *Brady*. *See Alvarez v. City of Brownsville*, 904 F.3d 382, 392-94 (5th Cir. 2018) (en banc) (discussing divergence in court of appeals' rulings on the question); *Robertson v. Lucas*, 753 F.3d 606, 621-22 (6th Cir. 2014) (same); *see also Smith v. Baldwin*, 501 F.3d 1127, 1148 (9th Cir. 2007) (suggesting *Brady* may apply to material evidence withheld prior to guilty plea); *Sanchez*, 50 F.3d at 1453-54 (same). This disagreement among the courts of appeals reflects the lack of guidance on the issue from the Supreme Court. *See Carey v. Musladin*, 549 U.S. 70, 76-77 (2006) (noting lower courts' disagreement reflects lack of guidance from the Supreme Court). Section 2254(d) precludes habeas corpus relief where there is no Supreme Court precedent allegedly misapplied by the state court. *See Williams*, 529 U.S. at 412 (in ascertaining what is "clearly established Federal law," under § 2254(d), courts look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision").

Because Petitioner cannot show that the Nevada Court of Appeals' ruling was contrary to, or an unreasonable application of, Supreme Court precedent, as required by 28 U.S.C. § 2254(d), the Court will deny Petitioner's habeas petition.

## C.    Certificate of Appealability

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

///

///

1     *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074,

2     1077-79 (9th Cir. 2000). Applying the standard articulated in *Slack*, the Court finds that a

3     certificate of appealability is unwarranted.

4          The denial of a certificate of appealability by this Court does not preclude Petitioner

5     from appealing and seeking a certificate of appealability from the Court of Appeals. To

6     appeal, Petitioner must file a timely notice of appeal in this Court.

7     **IV.**     **CONCLUSION**

8          It is therefore ordered that the petition for writ of habeas corpus (ECF No. 6) is

9     denied.

10         It is further ordered that Petitioner is denied a certificate of appealability.

11         The Clerk of the Court is directed to enter judgment accordingly and close this

12     case.

13         DATED THIS 15th Day of March 2021.

                                                     MIRANDA M. DU
                                                     CHIEF UNITED STATES DISTRICT JUDGE